ANNA GRIFFIN               *
1315 Emmaus Court
Joppa, Maryland 21085       *

AND                             *

FREDERICK GRIFFIN      *
1315 Emmaus Court
Joppa, Maryland 21085       *

      PLAINTIFFS           *     IN THE

VS.                              *     CIRCUIT COURT

NVR, INC.
7601 Lewinsville Road, Suite 300     *     HARFORD COUNTY
McLean, Virginia 22102
                                 *    CASE # 12-C-08-3798

    SERVE ON:                   *
    The Prentice-Hall Corporation
    System, M, Resident Agent      *
    7 St. Paul Street, Suite 1660
    Baltimore, Maryland 21202       *

    DEFENDANTS            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Plaintiffs Anna and Frederick Griffin, by their attorneys Jane Santoni and Williams & Santoni, LLP, brings this action against NVR, Inc. ("Ryan") for breaches of implied warranties in the purchase of their new home.

### PARTIES

1. Plaintiffs are residents of Harford County, Maryland and own their home at 1315 Emmaus Court, Joppa Maryland 21085 (hereafter "Property").

2. Defendant NVR, Inc. is a home seller/builder, licensed in Maryland.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to CTS. & JUD. PROC. § 4-401.

FILED
2008 DEC 29 PM 3:49
CLERK OF CIRCUIT COURT
HARFORD COUNTY, MD.

1



4. Venue is proper and convenient in this Court, pursuant to CTS. & JUD. PROC. § 6-201 inasmuch as Defendants are out of state corporations and regularly carry out business in Harford County, Maryland and the subject property is located in Harford County, Maryland.

**FACTUAL ALLEGATIONS**

5. Plaintiffs were interested in having a new home built.

6. On May 19, 2006, they contracted with NVR – Ryan Homes to have a home built. The contract price was $621,065 (*see* Exhibit 1, Maryland Purchase Agreement).

7. On December 28, 2006, Ryan delivered a Deed to the house to the Griffins.

8. Shortly after the delivery of the house to the Griffins the Griffins began to notice numerous problems with the house, including but not limited to:

   A. Water problems, - the basement of the house flooded on more than once occasion, ruining the finished basement and causing them to lose approximately $30,000 in possessions.

   B. The drainage system in the house has become clogged with silt and other clay materials causing it to fail

   C. Various walls have shifted, cracked and settled beyond that which is normal in newly constructed house;

   D. Water seeps up from the ground throughout the property, making the ground unstable, soft, and unfit to house a residential structure;

   E. The water seepage has caused the driveway to crumble in areas;

   F. The water seepage has also caused the lawn to sink in places, rendering it dangerous.

  G. The foundation walls in the house have developed significant cracks which are becoming more numerous and larger over time.

9. Moreover, a review of the Harford County Soil Survey reveals that the house should not have been build on the soils located at the property, as that soil is not suited for construction of a residence.

10. The house is not constructed in a workmanlike manner, is not fit for habitation, and is not fit for its particular purpose.

11. As a result the Griffins have been unable to remain in the house and have suffered tremendous damages.

## COUNT 1 – BREACH OF IMPLIED WARRANTIES

12. Plaintiffs incorporate all prior paragraphs.

13. Maryland Annotated Code, Real Property Article Section 10-203 states that "... in every (new home) sale, warranties are implied that, at the time of the delivery of the deed to a completed improvement or at the time of completion of an improvement not completed when the deed is delivered, the improvement is;

 (1) Free from faulty materials

 (2) Constructed according to sound engineering standards;

 (3) Constructed in a workmanlike manner; and

 (4) Fit for habitation....

 (5) If the purchaser, expressly or by implication, makes known to the vendor the particular purpose for which the improvement is required and it appears that

3

the purchaser relies on the vendor's skill and judgment, there is an implied warranty that the improvement is reasonably fit for the purpose.

13. Plaintiffs did not agree to exclude or modify any implied warranties.

14. Defendant Ryan breached these implied warranties as set forth above and as a result the Plaintiffs suffered damages including loss of use, possession, and enjoyment of the home, loss of items in the home, and costs paid to purchase and keep the home.

WHEREFORE, the Plaintiffs demand $1,000,000 in damages against Defendant.

**COUNT II - UNFAIR AND DECEPTIVE TRADE PRACTICES**

15. Plaintiffs incorporate all prior paragraphs.

16. The actions of Ryan in selling a home to the Griffins which was built on land not properly suited for the construction of residences and with all of the problems set forth above constitute unfair and deceptive trade practices in violation of the Maryland Consumer Protection Act, Commercial Law Article, Sections 13-101 et seq.

17. The Consumer Protection Act defines unfair or deceptive trade practices to include, *inter alia*, the following:

   A. False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

   B. Failure to state a material fact if the failure deceives or tends to deceive; and

C. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of any consumer goods, consumer realty, or consumer service.

18. Defendant's failure to notify the Plaintiffs that the home was built on a spring and had the numerous problems it did constituted a violation of this statute.

19. As a direct result of the unfair and deceptive trade practices Plaintiffs have suffered damages.

WHEREFORE, the Plaintiffs demand $1,000,000 in damages plus costs and attorneys fees, against Defendant.

_____
Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
*Attorney for Plaintiffs Griffin*

### REQUEST FOR JURY TRIAL

Plaintiffs request that this action be tried before a jury.

_____
Jane Santoni